842 F.2d 1291
Unpublished Disposition
 NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
Robert Hugh MOORE, Plaintiff-Appellee,
v.
CANNELTON INDUSTRIES, INC. Management Pension Plan,
Cannelton Industries, Inc., a West Virginia Corporation,
Defendant-Appellant, Defendant.
 No. 87-2589.
 United States Court of Appeals, Fourth Circuit.
 Argued Dec. 3, 1987.
Decided March 3, 1988.
 
 Michael David Foster (Jackson, Kelly, Holt & O'Farrell, on brief), for appellant.
 Jacquelyn Irwin Custer (James S. Arnold; King, Betts & Allen, on brief), for appellee.
 Before K.K. HALL and ERVIN, Circuit Judges, and BUTZNER, Senior Circuit Judge.
 PER CURIAM:
 
 
 1
 Cannelton Industries, Inc. Management Pension Plan ("Pension Plan") appeals from an order of the district court granting summary judgment for Robert Hugh Moore. Moore brought this action pursuant to section 502 of the Employee Retirement Income Security Act of 1974 ("ERISA"), 29 U.S.C. Secs. 1001 et seq., for damages and declaratory relief seeking to resolve the status of his pension benefits. Moore charged that the Pension Plan unfairly refused to include his years of service as a union employee at Cannelton in the calculation of his credited service. Following the parties' cross-motions for summary judgment, the district court concluded that the Pension Committee[1] had neglected to consider prior representations made to Moore by Cannelton, as well as certain other pertinent evidence, necessarily "render[ing] [the Committee's] decision arbitrary and capricious."
 
 
 2
 On appeal, appellant argues that there was substantial evidence to support the Pension Committee's decision. Appellant further contends that the district court erred in holding that Moore justifiably relied on oral promises by Cannelton that he would receive credit toward retirement for his union employment, and that the Pension Plan was estopped from denying that fact. Specifically, appellant contends Sec. 402 of ERISA, 29 U.S.C. Sec. 1102, requires that a pension plan be established and maintained pursuant to a written agreement, and that any oral modifications of such plans are prohibited. Nachwalter v. Christie, 805 F.2d 956 (11th Cir.1986).
 
 
 3
 Upon consideration of the record, briefs, and oral argument, we find appellant's contentions to be without merit. We agree with the district court that Moore's reliance upon Cannelton's promises was well founded and that appellant is now estopped from denying those assurances. The Nachwalter prohibition against oral modifications of pension plans does not control here. In Nachwalter, the attempt to modify the plan took place after September 2, 1974, the date ERISA was enacted. By contrast, the promises made to Moore occurred in 1964, when Cannelton had express authority within the four corners of the written plan itself to modify its provisions. Accordingly, we affirm the judgment below on the reasoning of the district court, Robert Hugh Moore v. Cannelton Industries, Inc., etc., C/A No. 82-2545 (S.D.W.Va. March 28, 1986).
 
 
 4
 AFFIRMED.
 
 
 
 [1]
 Under ERISA, a claimant must pursue relief through the available administrative remedy, in this case the Pension Committee, before filing suit in federal court